No. 35.—JOHN L. WOODWARD, plaintiff in error, *vs.* the CENTRAL BANK OF GEORGIA, and others, defendants in error.

[1.] The Judgment of this Court in *Collins vs. The Central Bank,* held not to be a reversal of the Decree of 1846, settling the relative dignity of the liens of the bill holders and judgment creditors of the Monroe Rail Road and Banking Company, upon the fund raised by the sale of the effects of that Company.

[2.] The Decree of 1846 being unreversed, as to the lien of bill holders and judgments, a judgment creditor cannot demand a judgment of the Circuit Court *de novo* upon his lien, and if rendered would not be entitled to his Writ of Error thereon, as late as December, 1847.

[3.] The Statutory Lien of bill holders under the Charter of the Monroe Rail Road and Banking Company, attaches equally upon all the property and effects of that Company.

Motion to distribute a balance of funds in Court pursuant to a previous decree, resisted by the plaintiff in error. Tried before Judge FLOYD, in Bibb Superior Court, November Term, 1847.

For the facts of the case and the points made, the reader is referred to the opinion delivered by the Supreme Court.

RUTHERFORD, for the plaintiff in error.

POE & NISBET, for the defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

The Decree of the Circuit Court distributed in May, 1846, the entire fund raised from the sale of the Road and effects of the Monroe R. R. & Banking Co. By that Decree, after paying costs, the lien of the bill holders was recognised and established as superior to all other claims upon the fund. The Decree was excepted to by Dr. Collins and others, upon the ground that, by virtue of certain contracts and mortgages, they held liens upon the Road paramount to that of the bill holders, and were therefore entitled to be first paid out of the fund. The case was carried to the Supreme Court, and the Decree of 1846 reversed, so far as to give Dr. Collins and those claiming with him, a paramount claim upon so much of the Road as they had built under their contracts with the Company; and so far as to limit the amount to be paid to the bill holders to what they respectively paid for them. The Supreme Court directed a commission to be raised to apportion the fund in hand, and to ascertain the amount which the holders paid for the bills. Under the Decree of 1846, and the Decree of the Supreme Court referred to, the fund was paid out, except a balance of some three or four thousand dollars, which being still in Court in December, 1847, a motion was made to distribute that according to the Decree of 1846—that is, (the Collins claim being now paid,) to order its payment to the bill

holders. That motion was resisted by the plaintiff in error, upon grounds as follows:

1. Because the judgment of the Supreme Court upon Dr. Collins' Bill of exceptions reversed the entire Decree of 1846, and thus left the fund in hand subject to any new order of the Court. This being the case, and the lien of the bill holders attaching *alone* upon the road, fixtures, furniture, and equipments properly. appertaining to it, and there being a portion of the original fund greater than the balance now in hand, which by the report of the commissioners who sold the entire property of the company, was raised from certain iron and other effects not attached to the road—*therefore*—

2. Upon that fund, the oldest judgment liens attach, and it ought to be paid to them in exclusion of all other claimants.

Judge Floyd overruled these grounds of objection, deciding that they came too late—that the question of the relative dignity and lien of judgments, as compared with the lien of bill holders, had been adjudicated by the Decree of 1846, in favor of bill holders, as to *all the fund;* and that the judgment of the Supreme Court upon Dr. Collins' bill of exceptions, did not reverse so much of that Decree as fixed the relative grade of the bills and the judgments in the distribution—and ordered the money to be paid in pursuance of the Decree of 1846.

To this decision the plaintiff excepted. Thinking as we do with the Circuit Judge, upon all the positions taken by him, it becomes unnecessary to review many of the points made in the case by Mr. Rutherford, the learned counsel for the plaintiff in error.

[1.] His case depends, in the first instance, upon the truth of the position that the judgment of this Court, made at the instance of Dr. Collins and others, reversed the Decree of 1846, as to the relative dignity in the distribution of the fund of bill holders and judgments. That Decree superseded the judgments in favor of the bills of the company. If the Decree was not reversed by this Court, it was a subsisting Decree at the time of the plaintiff's application, and concluded the question as to lien, that had been settled—the judgments had been superseded, and all that remained to be done was to order the money to be paid out in pursuance of it. And farther, if that Decree was not reversed, it was too late now to except to it, under the law organizing this Court.

If, though, it was reversed, then the fund in Court was subject to a new order for distribution, and the plaintiff in error, who is a judgment creditor of the Company, was in time. He was entitled to the judgment of the Court below, upon his application for the money; and upon that judgment to his writ of error.

We do not think that the judgment of this Court reversed the Decree of 1846, except so far as it is specifically stated to be reversed—and we farther believe that the specific reversals do not affect the liens respectively, as settled by the Decree, of bills and judgments. In other words, the Decree of 1846 was reversed only so far as to let in the paramount lien of Dr. Collins' claim, against the lien of the bills, to a part of the fund, and to fix the value of the bills in the distribution at what the holders respectively paid for them. As to all other things, the Decree remained as it was at first rendered. This is proven by reference to the case made before this Court, and the judgment rendered thereon. Robert Collins was alone plaintiff in error in that case, and the Central Bank of Georgia, and other creditors, who were bill holders, were the defendants. The issues made were confined to the bill holders, and the contractors represented by Collins. The latter excepting to the Decree of the Court, which gave to the former a lien to their exclusion; and which, in the distribution, admitted the bills for the amount which the Bank received for them when issued. The other creditors of the Company were not directly before this Court—they, so far as the record of that case discloses, acquiesced in the Decree. The judgment pursued the record; and it was adjudged that the Decree of the Court below, be reversed—that is, reversed so far as it was presented by the record for review. This is manifest in the specifications which follow, and which specifications, beyond doubt qualify and limit the general statement, that the judgment of the Court below be reversed. The specifications are as follows: "First, because it is the opinion of this Court that the bill holders had a paramount lien only on the fund raised by the sale of the Rail Road from Macon to Griffin, and so much only of the Road from Griffin to the terminus in DeKalb as was built by the Monroe Rail Road & Banking Co., prior to the 2d August, 1842, and that the contractors of the second part, under the agreement of 2d August, 1842, in the record mentioned, had a prior and superior equity to the bill holders, to be paid out of the said fund in proportion to the

relative value of the work done by them on said Road, and materials and equipments furnished, between Griffin and the terminus of the Road in the County of DeKalb.  And that the Court below committed error in excluding said contractors from any participation in said fund, to the extent of the relative value of their claim for work and labor done, and materials and equipments furnished said Road between the city of Griffin, and the terminus in DeKalb County aforesaid."   The judgment then proceeds to direct a commission to be raised to make the apportionment agreeably to the specification just recited, and proceeds, "Second, because the Court below committed error in deciding, that the Bank bills should take, each in proportion to the value received by the Bank for it, at the time of its emission by the Bank, it being the opinion of this Court that each Bank bill should take in proportion to the *quantum* of consideration paid therefor, by the holder, or claimant on the fund."   The only questions made and determined, are those already stated, the Decree remaining *ex vi termini*, as to all other things intact.  1 *Kelly*, 435.

[2.] So that the plaintiff in error was too late—the matter was *res judicata*.

[3.] If, however, he was in time, and we were now called upon to say whether the lien of the bill holders attached upon the *entire* fund to the exclusion of judgment liens, we should be constrained to say that it did.  If it attaches at all, and we are clear that it does, it must attach upon all the property of the Company. Not alone upon the Road itself, its furniture and equipments, but upon all the property of the Company.  The language of the Statute is very broad and comprehensive; it is as follows: "The Rail Road to be built by said Company, from Macon to Forsyth, together with all the revenue arising therefrom, *and all the property*, equipments *and effects therewith connected*, shall be pledged and bound for the redemption of the notes or bills issued by or from said Company."   *Prince*, 372.   This indeed, is not with us an open question—for although the judgment in *Collins vs. The Central Bank*, was to the extent, and no more, as stated; yet, in the opinion rendered in that case, the construction now given was put upon this clause of that charter.   This Court in that opinion say, "the Road to be built by the Company, and all the rights of the Company connected therewith, which would, in law, be subject to the payment of the debts of the Company, were intended

to be pledged and bound for the redemption of the notes or bills issued by the Company; and in our judgment, so much of the sale of said Road, built by said Company, and equipments and materials furnished by them, ought first to be applied to the claims of the bill holders. That the bill holders under that section of the charter, acquired all the rights which belonged to the Company, but no other; and to that extent only, we are of the opinion the decision of the Court below was correct." 1 *Kelly*, 455.

Let the judgment of the Court below be affirmed.